### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Stewart N. Abramson )<br>    Plaintiff )<br> )<br>v. )<br> )<br>Litigation Practice Group PC )<br>Daniel S. March )<br>  Each dba National Debt Relief )<br>  Each dba American Debt Relief )<br>    Defendants ) | CIVIL DIVISION<br>ARBITRATION DOCKET<br>No. AR-22-003104 |

### PLAINTIFF'S ORIGINAL COMPLAINT

### Type of Action

1. This action is brought under and pursuant to the Telephone Consumer Protection Act of 1991 (47 USC 227), and the Federal Communication Commission (FCC) rules promulgated under that Act (47 CFR 64.1200 and 47 CFR 64.1601), which are together hereinafter collectively referred to as the TCPA.

### Parties

2. At all times material, Plaintiff Stewart N. Abramson (hereinafter referred to as Plaintiff and/or Abramson) was an individual residing in Allegheny County, Pennsylvania at 522 Glen Arden Drive, Pittsburgh, PA 15208.

3. At all times material, Defendant Litigation Practice Group PC (hereinafter referred to as Defendant and/or Litigation Practice Group) was registered in the State of California (Entity File Number C4247540). The principal address and mailing address were both listed as 17542 East 17th Street, Suite 100, Tustin, CA 92780. The president, director, chief executive officer, chief financial officer, secretary, and agent for service of process were all listed as Daniel S. March at 17542 East 17th Street, Suite 100, Tustin, CA 92780.

4. At all times material, Defendant Daniel S. March (hereinafter referred to as Defendant and/or Daniel S. March) was an individual believed to reside in the State of California, and he can be served at 17542 East 17th Street, Suite 100, Tustin, CA 92780 or at 20160 Nob Hill Drive, Yorba Linda, CA 92886.

## Jurisdiction and Venue

5. The TCPA is a Federal Act of the United States Congress that includes a private right of action or cause of action which can be brought in State court, and the Pennsylvania Court of Common Pleas retains jurisdiction to hear causes of action brought under the TCPA [*Abramson v. Aegis Insurance Agency*, 2005 WL 5088151, 153 P.L.J. 174 (2005); *Mims v. Arrow Financial Services*, 132 S. Ct. 740 (2012)].

6. Venue is appropriate in Allegheny County Pennsylvania, pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179, because the violations of the TCPA that form the basis of Plaintiff's Original Complaint, and therefore Plaintiff's cause of action, occurred in Allegheny County Pennsylvania.

7. It is the initiation of telephone calls for the furtherance of a business purpose without consent that constitutes a violation of the TCPA, and the Commonwealth of Pennsylvania retains personal jurisdiction over individual and corporate Defendants located in foreign States even if those Defendants are alleged to have directed only a single telephone solicitation or unsolicited advertisement into Pennsylvania in violation of the TCPA [*Abramson v. Royalty Holidays*, AR-05-008412 (2005)].

8. Plaintiff intends to serve Defendants located outside the Commonwealth of Pennsylvania by certified mail, return receipt requested, pursuant to Pa. R.C.P. 402, 403, 404, 405, and 424 [*Reichert v. TRW*, 385 Pa. Super. 416, 561 A.2d. 745 (1989); Goodrich-Amram, Standard Pennsylvania Practice, 2d, sections 403:1, 404(2):1, and 424:4 (2001)]. Service may also be made by e-mail following a Motion for Alternate Service, pursuant to Pa. R.C.P. 430.

## The Facts Related to this Case

9. On 4/21/22, at approximately 3:31 PM, Plaintiff received a telemarketing call on his cellular telephone number ending in x4233 (hereinafter referred to as **CALL 1**).

10. On 4/22/22, at approximately 1:03 PM, Plaintiff received a telemarketing call on his cellular telephone number 412-xxx-4233 (hereinafter referred to as **CALL 2**).

11. On 4/22/22, at approximately 1:49 PM, Plaintiff received a telemarketing call on his cellular telephone number 412-xxx-4233 (hereinafter referred to as **CALL 3**).

12. On 4/26/22, at approximately 12:45 PM, Plaintiff received a telemarketing call on his cellular telephone number 412-xxx-4233 (hereinafter referred to as **CALL 4**).

13. On 4/28/22, at approximately 4:40 PM, Plaintiff received a telemarketing call on his cellular telephone number 412-xxx-5679 (hereinafter referred to as **CALL 5**).

14. On 5/13/22, at approximately 12:31 PM, Plaintiff received a telemarketing call on his cellular telephone number 412-xxx-5679 (hereinafter referred to as **CALL 6**).

15. On 5/13/22, at approximately 1:55 PM, Plaintiff received a telemarketing call on his cellular telephone number 412-xxx-5679 (hereinafter referred to as **CALL 7**).

16. Plaintiff answered **CALL 1** through **CALL 7** and each time the caller delivered the following prerecorded message without Plaintiff's prior express written consent:

> "Hi. This is Linda Davis from National Debt Relief. Well, the reason I'm calling is, due to the economic crisis the FTCA is actually eliminating consumer credit card debt completely."

17. During one of the above-mentioned calls, Plaintiff spoke with an agent who gave his name as Jason Oliver, and he said that he was calling from "American Debt Relief". The agent explained to Plaintiff that his company could reduce or eliminate Plaintiff's credit card debt. Plaintiff gave the agent his correct name, mailing address, date of birth, and full social security number. The agent informed Plaintiff that he would "pull", or perform an inquiry on, Plaintiff's credit report. Then the agent, acting through Defendant Litigation Practice Group, used a company named Credit Reporting Services to perform a credit "pull", or inquiry on, Plaintiff's credit report. Then the agent gave Plaintiff information about each of Plaintiff's credit cards, along with Plaintiff's middle initial, despite the fact that Plaintiff did not personally provide his middle initial or any credit card information to the agent.

18. At all times material the individual Defendant Daniel S. March personally managed and controlled all aspects of the corporate Defendant Litigation Practice Group, including any and all telemarketing activity that was engaged in by or on behalf of the corporate Defendant.

### The Law Related to this Case

**Violations of the TCPA**

19. The FCC's rules at 47 CFR 64.1200(a)(1) state the following:

> (a) No person or entity may:
> (1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;
> (iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

20. The FCC's rules at 47 CFR 64.1200(b)(1), 47 CFR 64.1200(b)(2), and 47 CFR 64.1200(b)(3) state the following:

   (b) All artificial or prerecorded voice telephone messages shall:
   (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable authority) must be stated;
   (2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges. For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign;
   (3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section. When the called person elects to opt out using such mechanism, the mechanism, must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call. When the artificial or prerecorded voice telephone message is left on an answering machine or a voice mail service, such message must also provide a toll free number that enables the called person to call back at a later time and connect directly to the automated, interactive voice and/or key press-activated opt-out mechanism and automatically record the called person's number to the seller's do-not-call list.

21. The TCPA provides a private right of action at 47 USC 227(b)(3) for violations of 47 CFR 64.1200(a)(1), 47 CFR 64.1200(a)(3), 47 CFR 64.1200(b)(1), 47 CFR 64.1200(b)(2), and 47 CFR 64.1200(b)(3) which states that:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —
   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
   (C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

**Liability of Defendants**

22. The FCC has stated that a Defendant "may be held vicariously liable under Federal common law principals or agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers". The FCC holds vicarious liability proper under the TCPA because allowing a Defendant "to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions". [*Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574 (¶ 1 and ¶ 37) (2013)].

23. A corporate officer or employee who directly participates in or authorizes a violation of the TCPA may be held liable, because "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force." [*Maryland v. Universal Elections*, 787 F. Supp. 2d 408 (2011)].

24. A corporate officer who directly participates in or authorizes a violation of the TCPA may also be held liable under "participation theory", a well-established legal principal in Pennsylvania. "Participation theory, in simple terms, is a theory which imposes personal liability on corporate officers or shareholders where they have personally taken part in the actions of the corporation." [*First Realvest v. Avery Builders*, 410 Pa. Super. 572, 600 A.2d 601 (1991)].

## Count I:

25. Plaintiff alleges that Defendants Litigation Practice Group and Daniel S. March, or an agent acting on their behalf, initiated or made **CALL 1** through **CALL 7** to Plaintiff's cellular telephone number, and that each of these 7 calls delivered a prerecorded message without Plaintiff's prior express written consent, in violation of 47 CFR 64.1200(a)(1).

26. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $3,500.00 from Defendants Litigation Practice Group and Daniel S. March for the 7 separate violations of 47 CFR 64.1200(a)(1).

27. Plaintiff alleges that the actions and omissions of Defendants Litigation Practice Group and Daniel S. March were deliberate, and that they violated 47 CFR 64.1200(a)(1) willfully or knowingly.

28. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court treble the requested minimum mandatory statutory damages for the 7 separate violations of 47 CFR 64.1200(a)(1) from the minimum statutory damages of $3,500.00 to the maximum statutory damages allowed by law of $10,500.00.

## Count II:

29. Plaintiff alleges that **CALL 1** through **CALL 7** each delivered a prerecorded message without providing any identification about the caller, in violation of 47 CFR 64.1200(b)(1).

30. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $3,500.00 from Defendants Litigation Practice Group and Daniel S. March for the 7 separate violations of 47 CFR 64.1200(b)(1).

31. Plaintiff alleges that the actions and omissions of Defendants Litigation Practice Group and Daniel S. March were conscious and deliberate, and that they violated 47 CFR 64.1200(b)(1) willfully or knowingly.

32. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court treble the requested minimum mandatory statutory damages for the 7 separate violations of 47 CFR 64.1200(b)(1) from the minimum statutory damages of $3,500.00 to the maximum statutory damages allowed by law of $10,500.00.

## Count III:

33. Plaintiff alleges that **CALL 1** through **CALL 7** each delivered a prerecorded message without providing a telephone number for the caller, in violation of 47 CFR 64.1200(b)(2).

34. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $3,500.00 from Defendants Litigation Practice Group and Daniel S. March for the 7 separate violations of 47 CFR 64.1200(b)(2).

35. Plaintiff alleges that the actions and omissions of Defendants Litigation Practice Group and Daniel S. March were conscious and deliberate, and that they violated 47 CFR 64.1200(b)(2) willfully or knowingly.

36. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court treble the requested minimum mandatory statutory damages for the 7 separate violations of 47 CFR 64.1200(b)(2) from the minimum statutory damages of $3,500.00 to the maximum statutory damages allowed by law of $10,500.00.

## Count IV:

37. Plaintiff alleges that **CALL 1** through **CALL 7** each delivered a prerecorded message without providing an opt-out mechanism, in violation of 47 CFR 64.1200(b)(3).

38. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court award the minimum mandatory statutory damages of $3,500.00 from Defendants Litigation Practice Group and Daniel S. March for the 7 separate violations of 47 CFR 64.1200(b)(3).

39. Plaintiff alleges that the actions and omissions of Defendants Litigation Practice Group and Daniel S. March were conscious and deliberate, and that they violated 47 CFR 64.1200(b)(3) willfully or knowingly.

40. Pursuant to 47 USC 227(b)(3), Plaintiff hereby requests that the court treble the requested minimum mandatory statutory damages for the 7 separate violations of 47 CFR 64.1200(b)(3) from the minimum statutory damages of $3,500.00 to the maximum statutory damages allowed by law of $10,500.00.

## Prayer for Relief:

41. Pursuant to 47 USC 227(b)(3) Plaintiff hereby requests that the court award the requested statutory damages of $10,500.00 for Count I, and $10,500.00 for Count II, and $10,500.00 for Count III, and $10,500.00 for Count IV, totaling statutory damages of $42,000.00.

**WHEREFORE**, Plaintiff Stewart N. Abramson requests judgment in his favor and against Defendants Litigation Practice Group PC and Daniel S. March, jointly and severally, for $42,000.00 plus all reasonable court costs and attorney's fees

| e-filed: Stewart Abramson | 9/19/22 |
|---|---|
| Stewart N. Abramson, Plaintiff | Date |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| Stewart N. Abramson )<br>   Plaintiff )<br> )<br>   v. )<br> )<br>Litigation Practice Group PC )<br>Daniel S. March )<br>   Each dba National Debt Relief )<br>   Each dba American Debt Relief )<br>   Defendants ) | CIVIL DIVISION<br>ARBITRATION DOCKET<br>No. AR-22-003104 |

## **VERIFICATION**

Plaintiff Stewart N. Abramson verifies, pursuant to 18 Pa. C.S. Section 4904, that the facts set forth in the foregoing Plaintiff's Original Complaint are true and correct to the best of his knowledge, information and belief.


<u> e-filed: Stewart Abramson </u>　　　　　　<u> 9/19/22 </u>
Stewart N. Abramson, Plaintiff　　　　　　　　Date